**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Federico V. BUENROSTRO, Jr.,
Defendant—Appellant.**

**No. 05–50361.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2007.*

Filed March 7, 2007.

Becky S. Walker, Esq., Judith A. Heinz, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jerald L. Brainin, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Federico Buenrostro pleaded guilty to violating 21 U.S.C. §§ 841 and 846, conspiracy to distribute methamphetamine.[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Buenrostro's crime carries a mandatory minimum sentence of ten years, but Buenrostro argues that the district court erred in not applying the "safety valve" provision, 18 U.S.C. § 3553(f), which requires a court to reject the mandatory minimum when the defendant satisfies five conditions.[2] The government argued that Buenrostro was ineligible for the safety valve because he had possessed a firearm in connection with the offense. A firearm belonging to Buenrostro was found in the vehicle of one of Buenrostro's accomplices, and Buenrostro admitted to providing him with the gun just prior to the attempted drug sale. At sentencing, Buenrostro argued that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), gave courts discretion to sentence beneath the statutory minimum.[3] Buenrostro now contends that the evidence clearly indicated that he met the conditions of the safety valve, so the court erred in not applying it.

The defendant bears the burden of demonstrating by a preponderance of the evidence that he qualifies for the safety valve. *United States v. Zakharov*, 468 F.3d 1171, 1181 (9th Cir.2006). Although Buenrostro now argues that he meets the require-

ments for the safety valve, in the district court he did not contest the assertion that he possessed a firearm and did not argue that he met the requirements for the safety valve. In light of Buenrostro's failure to dispute the prosecution's claims, the court did not plainly err in accepting the prosecutor's explanation that Buenrostro was ineligible for safety valve relief. *See United States v. Rios*, 171 F.3d 565, 567 (8th Cir.1999).

The judgment is AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. To the extent that Buenrostro's plea agreement waived the right to appeal, it appears (as the government concedes) that the district

court did not follow Rule 11 of the Federal Rules of Criminal Procedure. We therefore consider Buenrostro's appeal on the merits.

3. Buenrostro has chosen not to pursue this argument on appeal so we do not reach this issue. *See, e.g., Enlow v. Salem–Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 n. 2 (9th Cir.2004) (noting that issues raised below but not briefed on appeal are deemed abandoned).